IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES L. SMITH, )
)
    Plaintiff, )
)
v. ) No. 3:12-cv-0681
) Chief Judge Haynes
MUSIC CITY HOMES, LLC )
GLEN WHITFIELD, and )
BOB DAHMS, )
)
    Defendants. )
)

## MEMORANDUM

Plaintiff, Charles L. Smith, a Tennessee citizen, filed this action under 28 U.S.C. § 1332, the federal diversity statute, against the Defendants: Music City Homes, LLC ("Music City"), a Washington corporation, and Glen Whitfield and Bob Dahms, citizens from the state of Washington. Plaintiff asserts Tennessee law claims for breach of contract, unjust enrichment, conversion/embezzlement, and piercing the corporate veil. Plaintiff alleges, in essence, that Defendants materially breached their obligations under a deed of trust and note by failing to maintain insurance on properties named in the deed of trust and by failing to make payments of principal and insurance under the note. Plaintiff's complaint also alleges that Defendants Whitfield and Dahms are personally liable to Plaintiff as the sole shareholders of Music City.

Before the Court is Whitfield and Dahms' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Docket Entry No. 16), contending that the complaint fails to state a claim against either Whitfield or Dahms. In response, Plaintiff asserts that the complaint sufficiently states a

1

breach of contract claim against Whitfield who signed the purchase and sale agreement. Plaintiff also contends that his complaint states viable claims against Whitfield and Dahms as sole shareholders of Music City who misappropriated, misapplied and diverted rents and insurance proceeds. In reply, Whitfield and Dahms respond that the purchase and sale agreement is not an enforceable contract between Plaintiff and either Whitfield or Dahms.

For the reasons stated below, the Court concludes that the Defendants' motion to dismiss should be denied because the Plaintiff's complaint presents actionable claims for breach of contract, unjust enrichment, embezzlement, and piercing the corporate veil under Tennessee law.

### A. Analysis of the Complaint

Plaintiff owned twenty-seven properties in Davidson County, Tennessee. (Docket Entry No. 1, Complaint ¶ 7). On November 7, 2006, Plaintiff and Whitfield entered into a purchase and sale agreement ("purchase contract"). (Docket Entry No. 1-1, Purchase Contract). In the purchase contract, Plaintiff agreed to sell the twenty-seven properties for $2,430,000. Id. The undersigned buyer in the purchase contract was Defendant Whitfield. Id. The purchase contract attached as an exhibit to the complaint reflects Whitfield signed the agreement as buyer. Under the terms of the purchase contract, Whitfield agreed to make a down payment of $430,000 and finance the remaining balance under a deed of trust note. Id. Whitfield assigned the deed of trust note to Music City. (Docket Entry No. 1, Complaint ¶ 8).

On January 16, 2007, Music City executed a Deed of Trust Note (the "Note") in favor of Plaintiff for the outstanding balance on the properties. (Docket Entry No. 1-2, Deed of Trust Note). Under the terms of the Note, Music City agreed to pay Plaintiff the principal sum of $2,000,000 with interest from the date of execution at a rate of 7% per annum. Id. Music City was to pay the interest

2

in payments over 24 consecutive months with the entire principal being paid on February 1, 2009. Id.

Music City executed a deed of trust in favor of Plaintiff to secure repayment of the Note. (Docket Entry No. 1-3, Deed of Trust). Under the terms of the deed of trust, Music City agreed to make the payments of principal and interest and maintain insurance on the properties. Id. Music City failed to maintain the insurance. (Docket Entry No. 1, Complaint ¶ 10). During the lapsed period, the property located at 4030 Darlene Drive, Nashville, Tennessee, was destroyed by fire. Id. The tenant, however, had renter's insurance on the property. Id. Music City received $50,000 from the tenant's insurance claim. Id.

On February 7, 2011, Whitfield notified Plaintiff of receipt of the insurance proceeds for 4030 Darlene Drive. (Docket Entry No. 1-4, Whitfield's Letter). Whitfield stated:

> We at last got insurance money from the renters' insurance company for the house damaged on Darlene Drive. There was not enough money to repair the house and I need to use it to catch up on bills and taxes. We now have a small reserve to carry us through the next few months. We still have negative cash flow largely due to uncollected rent (we continue to work on that aspect).
>
> I believe the only plan we have that will work in this situation is as follows. We will sell the house, as is, for the most we can get. All the proceeds from a sale would be paid to you to reduce the debt, in exchange for your approval. Of course, we have no intention of not paying all the money that's owed on the note to you. Any shortage would be divided by 21, which is the remaining number of properties and added, by addendum to the balance owed on each.

Id.

On October 14, 2011, after giving Defendants proper notice of default and foreclosure and publishing notice of sale, the Trustee conducted a foreclosure sale of the properties. (Docket Entry No. 1, Complaint ¶ 14). Plaintiff was the only bidder present at the foreclosure sale. Id. at ¶ 15. Plaintiff purchased the properties for $800,000, leaving a deficiency in the principal amount owed

on the Note. Id. at ¶¶ 15-16.

## B. Conclusions of Law

Upon a motion to dismiss, "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted)). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff," but "need not accept as true legal conclusions or unwarranted factual inferences . . . and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Tam Travel, Inc. v. Delta Airlines, Inc., 583 F.3d 896, 903 (6th Cir. 2009) (citations and quotation marks omitted).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Iqbal, 556 U.S. at 677. Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. "A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. (citing Twombly, 550 U.S. at 555, 557).

> **To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability**

4

> requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 556 U.S. at 678.

The Supreme Court also laid out the underlying principles of this analysis:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . .
>
> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"– "that the pleader is entitled to relief."
>
> **In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.**

Id. at 678-79 (emphasis added ad internal citations omitted).

"A motion under Rule 12(b)(6) is directed solely to the complaint itself . . . [.]" Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971). The Sixth Circuit has taken a "liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). Armengau v. Cline, 7 Fed Appx. 336, 344 (6th Cir. 2001). "If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. Id. (citing Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999)).

5

### 1. Breach of Contract Claim

Under Tennessee law, the essential elements of a breach of contract claim are: "(1) the existence of a contract; (2) breach of the contract, and (3) damages which flow from the breach." Life Care Ctrs. of Am., Inc. v. Charles Town Assocs. Ltd. P'ship, 79 F.3d 496, 513 (6th Cir. 1996); see also ARC LifeMed, Inc. v. AMC-Tenn., Inc., 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005).

Defendants contend that Plaintiff's complaint fails under the Twombly and Iqbal standard because Plaintiff's complaint fails to state a claim against Whitfield and Dahms individually and only alleges a claim for breach of contract by Defendant Music City. (Docket Entry No. 16-1 at 5). Plaintiff responds that the contract for the sale of the twenty-seven properties was between Plaintiff and Whitfield. Plaintiff contends that the complaint sufficiently alleges a claim for breach of contract against Whitfield by: (1) alleging the existence of the purchase contract signed by Whitfield in his personal capacity; (2) alleging that Defendants failed to pay the purchase price; and (3) alleging that the foreclosure sale resulted in a deficiency. (Docket Entry No. 19 at 4).

Here, the Plaintiff's complaint alleges factual allegations sufficient to withstand a motion to dismiss under Rule 12(b)(6). Plaintiff alleges that he entered into the purchase contract with Whitfield. The purchase contract attached as an exhibit to the complaint reflects Whitfield signed the purchase contract as the buyer. Plaintiff also alleges that the purchase contract was not paid in full and that a deficiency remains from the foreclosure sale. Thus, the Court concludes that these factual allegations are sufficient to state a claim for breach of contract against Whitfield under Tennessee law.

### 2. Unjust Enrichment Claim

Under Tennessee law, a plaintiff may recover under a theory of unjust enrichment when: "1)

6

Case 3:12-cv-00681   Document 23   Filed 10/11/12   Page 6 of 9 PageID #: 118

[a] benefit conferred [is] upon the defendant by the plaintiff; 2) [there is] appreciation by the defendant of such benefit; and 3) [there is] acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." Freeman Indus., LLC v. Eastman Chem. Co., 172 S.W.3d 512, 525 (Tenn. 2005) (quoting Paschall's, Inc. v. Dozier, 407 S.W.2d 150, 153-54 (Tenn. 1996)).

Defendants Whitfield and Dahms do not address Plaintiff's claim for unjust enrichment and embezzlement/conversion. Defendants only assert that "[i]f there are potential claims of conversion/embezzlement or unjust enrichment such claims would be on behalf of Music City Homes, LLC and not Plaintiff, Charles L Smith" because Plaintiff purchased the property for $800,000 at the foreclosure sale. (Docket Entry No. 20 at 2). Plaintiff responds that the complaint sufficiently alleges that Whitfield and Dahms received a monetary benefit from the properties and "that Defendants appreciated and accepted that monetary benefit under circumstances that are inequitable and unjust, including embezzlement and diversion of those rents and insurance proceeds to personal uses." (Docket Entry No. 14 at 6).

Here, Plaintiff alleges that Defendants Whitfield and Dahms used the insurance proceeds and other moneys for their own personal use. The letter from Whitfield sufficiently supports these allegations as Whitfield stated that he "need[ed] to use it to catch up on bills and taxes." The Court concludes that these factual allegations sufficiently state claims for unjust enrichment and embezzlement against the Defendants under Tennessee law.

### 3. Piercing the Corporate Veil

Under Tennessee law, a court may pierce the corporate veil when the court is "convinced that the separate corporate entity 'is a sham or a dummy' or that disregarding the separate corporate entity

7

Case 3:12-cv-00681   Document 23   Filed 10/11/12   Page 7 of 9 PageID #: 119

is necessary to accomplish justice." CAO Holdings, Inc. v. Trost, 333 S.W.3d 73, 88 (Tenn. 2010). The factors to consider are:

(1) whether there was a failure to collect paid in capital;

(2) whether the corporation was grossly undercapitalized;

(3) the nonissuance of stock certificates;

(4) the sole ownership of stock by one individual;

(5) the use of the same office or business location;

(6) the employment of the same employees or attorneys;

(7) the use of the corporation as an instrumentality or business conduit for an individual or another corporation;

(8) the diversion of corporate assets by or to a stockholder or other entity to the detriment of creditors, or the manipulation of assets and liabilities in another;

(9) the use of the corporation as a subterfuge in illegal transactions;

(10) the formation and use of the corporation to transfer to it the existing liability of another person or entity; and

(11) the failure to maintain arms length relationships among related entities.

Id. In addition, "a determination of whether or not a corporation is a mere instrumentality of an individual or a parent corporation is ordinarily a question of fact for the jury." Huntsville Golf Dev., Inc. v. Brindley Const. Co., Inc., No. 1:08-00006, 2011 WL 3420602, at *18 (M. D. Tenn. Aug. 4, 2011).

The complaint alleges that Whitfield and Dahms were the sole stockholders of Music City and that the Defendants failed to maintain insurance on the properties. The letter attached to the

8

complaint reflects that the Defendants used the insurance proceeds for miscellaneous expenses rather than for repairing the destroyed property or remitting payment to Plaintiff. The Court concludes that the Plaintiff's complaint adequately states claims sufficient to pierce the corporate veil of Music City.

### C. Conclusion

For these reasons, the Court concludes that the Defendants' motion to dismiss should be denied.

An appropriate Order is filed herewith.

**ENTERED** this _11th_ day of October, 2012.

_/s/ William J. Haynes, Jr._
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court.

9

Case 3:12-cv-00681   Document 23   Filed 10/11/12   Page 9 of 9 PageID #: 121